UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHU CAO, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-25-1403-G |
| | ) |
| | ) |
| PAMELA BONDI, Attorney General, | ) |
| et al., | ) |
| | ) |
|    Respondents. | ) |

## **ORDER**

On November 22, 2025, Petitioner Phu Cao, appearing through counsel, filed a Petition for Writ of Habeas Corpus (the "Petition," Doc. No. 1) challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241.

On March 5, 2026, the Court granted the Petition and entered Judgment in favor of Petitioner. *See* Order of Mar. 5, 2026 (Doc. No. 19); Judgment of Mar. 5, 2026 (Doc. No. 20). Pursuant to the Judgment, Respondents were required to either give Petitioner notice of the reason for his revocation pursuant to 8 C.F.R. § 241.13(i) or release him. *See* Judgment of Mar. 5, 2026.

On March 10, 2026, Petitioner filed a Motion (Doc. No. 21), seeking to have the Judgment temporarily set aside until March 16, 2026, pursuant to Federal Rule of Civil Procedure 59. Petitioner represents that Respondents have made arrangements for him to be removed to Vietnam on March 15, 2025, and that he does not oppose being removed to Vietnam. *See id.* Petitioner's Motion states that Respondents are not opposed to

Petitioner's request to the extent that it requests "reconsideration and setting aside of the habeas order." *See id.* at 2.

Petitioner's request is governed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(a)(4). Although Federal Rule of Civil Procedure 59(e) allows a court to "alter or amend a judgment," Fed. R. Civ. P. 59(e), the circumstances for doing so are tightly circumscribed, *see Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Rule 60(b), alternatively, "allows a court to 'relieve a party or its legal representative from a final judgment, order, or proceeding,' for certain enumerated reasons." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1282 (10th Cir. 2025) (quoting Fed. R. Civ. P. 60(b)). As relevant here, the Rule prescribes: "On motion and just terms, the court may relieve a party . . . from a final judgment" for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

"[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). The Tenth Circuit has found that "such extraordinary circumstances . . . exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Id.*

Petitioner has shown that temporary relief from the Judgment of March 5, 2026, is warranted here. The essence of Petitioner's request is for the Court to allow him to stay in Respondents' custody until he is removed to Vietnam on March 15, 2026, instead of being released and then redetained. *See* Pet'r's Mot. at 1-2. In the Motion, Petitioner represents that his release from detention, *i.e.*, enforcement of the Judgment, would cause more

2

hardship than his staying in custody. *See id.* at 1. Because extraordinary circumstances exist here that would render enforcement of the judgment inequitable, relief from the March 5, 2026 Judgment is warranted.

## CONCLUSION

Having considered the relevant record, Petitioner's Motion (Doc. No. 21) is GRANTED as follows:

1. Respondents are relieved, **until March 17, 2026**, from the Court's directive, contained in the Judgment of March 5, 2026, to either provide Petitioner with notification of the reason for his revocation pursuant to 8 C.F.R. § 241.13(i)(1) or (2), and thereafter the prompt scheduling of an informal interview as an opportunity for Petitioner to respond to the reasons for his revocation pursuant to § 241.13(i)(3); or immediately release Petitioner Phu Cao into the United States, subject to the terms of his previous Order of Supervision; and

2. No later than March 17, 2026, Respondents shall file a status report that advises the Court whether Petitioner was removed to Vietnam on March 15, 2026.

IT IS SO ORDERED this 10th day of March, 2026.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge